IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YOLANDA D. HILL,                          )
                                          )
                                          )
                        Plaintiff,        )        Case No. 05 C 588
            v.                            )
                                          )        Judge Virginia M. Kendall
JOHN H. STROGER HOSPITAL OF               )
COOK COUNTY,                              )
                                          )
                        Defendant.        )

MEMORANDUM OPINION AND ORDER

Yolanda Hill ("Plaintiff") brings an amended complaint against John Stroger Hospital of

Cook County ("Defendant") for religious discrimination in violation of Title VII and 42 U.S.C. §

1983, and for discrimination on the basis of her disability in violation of the Americans with

Disabilities Act ("ADA"). Defendant moves to dismiss Plaintiff's Amended Complaint for improper

service and for failure to state a claim. For the reasons stated herein, Defendant's motion is denied.

Facts

When considering a motion to dismiss, the Court must accept the allegations set forth in

Plaintiff's complaint as true, and draw all reasonable inferences in favor of Plaintiff. *Hishon v. King

& Spalding*, 467 U.S. 69, 73 (1984). The following facts are taken from Plaintiff's Amended

Complaint (hereafter "Am. Compl. at ¶ _"). Plaintiff was employed by Defendant as an elevator

operator for over twenty years. Am. Compl. at Pg. 1 ¶ 3[1]. In December 2002, the old hospital

building closed, eliminating the need for manual elevator operators. *Id.* Plaintiff received a new

---

[1]The paragraphs of Plaintiff's Amended Complaint are improperly numbered, repeating paragraphs 2 and 3.
For the sake of clarity, the Court marks the first Paragraph 2 and Paragraph 3 as "Pg. 1¶ 2" and "Pg. 2 ¶ 2"
respectively.

assignment as a transporter of patients within the new hospital building. *Id.* Prior to the transfer in 2002, Plaintiff had received no discipline reports. *Id.*

At the time of the transfer, Plaintiff was disabled due to epilepsy. *Id.* Also at the time of transfer, Plaintiff practiced the "Children of God" religion, and did not work on Saturday, the Sabbath. *Id.* at Pg. 2 ¶ 3. Plaintiff told her supervisors about her scheduling needs, but Defendant refused to accommodate. *Id.* Plaintiff did not appear at work on Saturdays, for which she received repeated discipline, at least one suspension, and ultimately threat of discharge. *Id.* To avoid discharge, Plaintiff took disability leave, and applied for other positions with Defendant for which she would be qualified. *Id.* at Pg. 2 ¶ 3, 5. Plaintiff did not receive any of the positions for which she applied because she could not perform them "without restriction." *Id.* at ¶ 5. Plaintiff believed she faced imminent discharge, at which point she would lose her pension benefits. *Id.* So, she resigned from Defendant's employment in order to keep her pension. *Id.* at ¶ 8.

Plaintiff alleges that Defendant has a policy and practice of refusing jobs to people who could not perform those jobs "without restriction." Plaintiff alleges that she was discriminated against on the basis of her religion and her disability, both of which placed restrictions on her schedule.

## Discussion

Defendant has moved to dismiss the amended complaint both on grounds of improper service (untimely, and incomplete) pursuant to Federal Rule of Civil Procedure 12(b)(4) (hereafter "Rule __"), and on grounds of failure to state a claim pursuant to Rule 12(b)(6).

### *Failure to Properly and Timely Serve*

Defendant argues that the entire Amended Complaint should be dismissed for Plaintiff's failure to serve Defendant properly within the appropriate time. Plaintiff filed her Complaint *pro*

*se* in February 2005. She obtained a Summons from the Clerk's office of this Court, but did not get the appropriate signature of the Clerk as required by Rule 4(a). She then served a copy of the complaint herself on her supervisor, one of Defendant's employees. This violates the technical requirements of Rules 4(c) and (j), because the Plaintiff served the complaint herself, and because she served it on her supervisor rather than the Chief Operating Officer of the hospital, a government agency. Defendant argues that these failures warrant dismissal pursuant to Rule 4(m), because the 120-day minimum period for service of a complaint has long passed.

The Court has discretion to extend the time for service beyond the 120 days provided for in Rule 4(m). The Court must extend the time for service if "the plaintiff shows good cause for the failure," and may extend the time for service in its discretion in cases of excusable neglect. Fed. R. Civ. P. 4(m); *Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d 932, 933-34 (7th Cir. 2002). In this case, Plaintiff filed her complaint *pro se* and delivered a copy to one of her supervisors in Defendant's employ. While this service is not technically proper, the Plaintiff attempted proper service, and did so promptly after filing the Complaint. The Plaintiff thought she had executed service properly, given that she filed a motion for default judgment in September 2005, citing Defendant's failure to respond to the service of February 2005.

The Court[2] gave Plaintiff no indication that her case was not proceeding; to the contrary, the Court considered her motion for appointment of counsel in June 2005, and accepted (but did not rule) on her letter requesting default judgment in September 2005. Courts also traditionally exercise leniency with technical service requirements when Defendants have suffered no prejudice. *See*

---

[2]At that time, the case was assigned to a different judge in this district. On January 23, 2006, the case transferred to the present judge as part of the Executive Order creating the judge's initial calendar.

*Coleman*, 290 F.3d at 934.  Like in *Coleman*, Defendant has not been prejudiced by the delay caused by the service, and a dismissal without prejudice at this date would be equivalent to a dismissal with prejudice because statute of limitations on her Title VII claim has passed.  Therefore, considering Plaintiff's efforts and the balance of hardships by a dismissal, the Court exercises its discretion to permit an extension of time for Plaintiff.

*Failure to State a Claim*

Defendant also moves to dismiss the complaint for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6).  A complaint will not be dismissed for failure to state a claim unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  This Court must take all allegations in the complaint as true, and draw all reasonable inferences in the light most favorable to the plaintiff.  *Pickrel v. City of Springfield*, 45 F.3d 1115, 1117 (7th Cir. 1995).  To survive a motion to dismiss, a plaintiff "need not plead particular legal theories or particular facts in order to state a claim."  *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).  The plaintiff need only give a short and plain statement of the nature of the claim so as to provide notice to the defendants.  *Id.*

Defendant moves to dismiss two of the three claims pled by Plaintiff.[3]  First, Defendant argues that Plaintiff failed to allege a viable claim of religious discrimination because she did not allege that Defendant has a "policy" that violates equal protection.  Def. Mot. Dismiss at 4.  As Defendant itself states, however, a government agency may be liable under § 1983 in one of three

---

[3]Defendant has also moves to strike the portion of Plaintiff's complaint seeking punitive damages, because punitive damages may not be awarded against a government agency under either Title VII or § 1983.  Plaintiff concedes this point, and the Court strikes the punitive damages claims.  *See* Pl. Resp. at 9 n.2.

ways: (i) through an express policy; (ii) through a widespread practice or custom, or (iii) through an injury caused by a person in the agency "with final policymaking authority." *Kujawski v. Board of Comm's,* 183 F.3d 734, 737 (7th Cir. 1999). Plaintiff in her response to the Motion to Dismiss has limited herself to proving her case under the third prong. *See* Pl. Resp. at 7. Defendant may address whether the facts of this case support liability under that third prong at the summary judgment stage. At the pleadings stage, Plaintiff has pled sufficient allegations to allow her to proceed with a claim of religious discrimination on the theory of individual action by an employee with "final policy-making authority."

Second, Defendant alleges that Plaintiff has failed to state a claim for "constructive discharge" in violation of Title VII because Plaintiff resigned from her position with Defendant. Therefore, states Defendant, Plaintiff cannot make any showing that she was wrongfully terminated. Defendant misreads Plaintiff's claim in this matter. Plaintiff claims that Defendant discriminated against her on the basis of her religion through improper discipline, retaliation and threat of termination. Plaintiff does not claim wrongful termination. As Plaintiff notes, the specifics of an adverse employment action need not be included in the pleadings. *Kolupa v. Roselle Park District*, 438 F.3d 713, 715 (7th Cir. 2006) ("whether any given step is an adverse employment action (alone or in combination with some other act) goes to the merits; those details may be explored in discovery, on a motion for summary judgment, and if necessary at trial, but need not be included in complaints.") Plaintiff's statement in the Amended Complaint that Defendant "sought to terminate" is not inconsistent with a claim of discrimination such that Plaintiff has pled herself out of a valid claim for discrimination.

Third, Defendant argues that Plaintiff's claim of retaliation should be dismissed for failure to exhaust her administrative remedies, because Plaintiff did not include retaliation as a claim in either of her EEOC charges. Def. Mot. Dismiss at 6. The Court does not have the EEOC charges before it, but the Court does have the findings of the EEOC with respect to Plaintiff's EEOC claims generally. *See* Amended Complaint Ex. A. The EEOC found "reasonable cause to believe" that discrimination had occurred on the basis of Plaintiff's religion, including "issuing [Plaintiff] discipline, a five-day suspension, docking her pay and denying her the use of her vacation time." These findings by the EEOC belie Defendant's assertion that allowing a claim including retaliation in this case "would frustrate the EEOC's investigatory and conciliatory role." The EEOC by the terms of its letter did investigate retaliatory conduct, and indeed sent a copy of its findings to Defendant. The claims encompassing retaliation will not be dismissed for failure to exhaust administrative remedies.

WHEREFORE, Defendant's motion to dismiss the Amended Complaint is denied. Defendant shall answer the Amended Complaint within 30 days.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: April 19, 2006